878 F.2d 1436
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James A. NELSON, Petitioner-Appellant,
v.
Ben G. BOWER, Superintendent, Respondent-Appellee.
 No. 88-3901.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1989.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and BENJAMIN F. GIBSON,* District Judge.
 PER CURIAM.
 
 
 1
 James A. Nelson appeals a final judgment entered in the United States District Court for the Northern District of Ohio denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254 and an order of that court denying his motion to amend and supplement the findings of fact and alter and amend the judgment.
 
 
 2
 In September 1983, Nelson was convicted and sentenced for committing statutory rape in violation of Ohio Rev.Code Ann. Sec. 2907.02(A)(3). The testimony showed that the victim was raped during the month of September when the defendant picked her up after an after-school baby sitting class and took her to his apartment. The defense strategy was to impeach the testimony of the victim and the prosecution witnesses, and to argue that no sexual contact occurred. Although the defendant asserted an alibi defense, no evidence was produced to support the defense at trial. The decision to forego this defense was made by Nelson's counsel after he attempted to secure the time sheets for Nelson during the month of September. He was told that Nelson's employer could not locate a time sheet for September and that because Nelson was a salaried employee, there were no other records on file, such as gate pass records, that would establish his presence at work in September.
 
 
 3
 During his non-jury trial, the judge excluded the public during the victim's testimony after Nelson had, through his counsel, agreed to this procedure. Nelson appealed his conviction through available state-court procedures, alleging several claims including lack of sufficient evidence to support the verdict and denial of his sixth, fourth and fourteenth amendment rights. After the state court affirmed his conviction, he pursued postconviction relief procedures in the state court claiming that he was denied his right to effective assistance of counsel. His efforts for such relief were denied both originally and on appeal.
 
 
 4
 On May 21, 1986, Nelson filed a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. After consolidation with a second petition and amendment, the petition raised three grounds for relief:
 
 
 5
 1. Denial of a public trial during the testimony of the victim in violation of the sixth amendment;
 
 
 6
 2. Denial of a fair trial due to the admission of prejudicial evidence of an unrelated incident; and
 
 
 7
 3. Denial of sixth amendment rights due to ineffective assistance of counsel.
 
 
 8
 District Judge Sam Bell referred the case to a magistrate for supervision and to submit proposed findings of fact. The magistrate issued his report recommending denial of the writ on September 11. After Nelson filed his objections thereto on September 28 Judge Bell adopted the magistrate's findings that Nelson had waived his right to a public trial and had procedurally defaulted his right to raise the issue of prejudicial evidence. Although the magistrate also found a procedural default barred consideration of Nelson's ineffective assistance claim, Judge Bell returned the case to the magistrate for an evidentiary hearing to determine whether this case was so extraordinary that the writ could be considered despite the absence of cause for the default.
 
 
 9
 After conducting a hearing on Nelson's alibi defense and his trial counsel's rejection of that defense, the magistrate determined that there was no alibi defense to be established by the evidence presented and that therefore the trial counsel could not be faulted for failing to offer it. During the hearing, however, evidence surfaced that the baby sitting classes in 1981 did not begin until November 13. This showed a conflict in the victim's testimony at trial and raises a question of the age of the victim at the time of the events. If the events occurred after her thirteenth birthday on November 9, the charged crime of statutory rape could not have been committed. The magistrate determined that the trial counsel was not at fault for having failed to discover this evidence and that he had conducted a reasonable investigation at the time. Although there was no basis for an ineffective assistance of counsel claim, the magistrate recommended that the writ be granted because the evidence did not conform to the crime of statutory rape for which Nelson was convicted.
 
 
 10
 The district court accepted the magistrate's finding that trial counsel was not ineffective. The court, however, declined to grant the writ finding that no constitutional violation had occurred and that the evidence presented a factual issue not raised at the state level nor fully developed at the evidentiary hearing. Finding that Nelson may still attempt to develop the factual issue at the state level, the court denied the writ. Nelson moved to amend and supplement the findings of fact and alter and amend the judgment and when this motion was denied, he timely appealed. The district court issued a certificate of probable cause for this appeal on September 30, 1988.
 
 
 11
 On appeal, Nelson asserts six issues: 1. that the filing of Nelson's objections to the magistrate's reports was timely and preserved his right to appeal; 2. that the judge failed to conduct the required de novo review of the record and the magistrate's report and recommendation; 3. that the judge abused his discretion in denying Nelson's motion to add claims of actual and inherent conflict of interest of the trial counsel; 4. that if the judge did make a de novo review, he violated due process by accepting the magistrate's credibility findings without rehearing the conflicting testimony; 5. that Nelson's right to a public trial was violated because the trial court failed to articulate its basis for ordering closure during the victim's testimony; and 6. that there was sufficient evidence shown at the evidentiary hearing to show that there was ineffective assistance of counsel.
 
 
 12
 After reviewing the record, this court finds that the evidence supports the magistrate's finding that Nelson was not deprived of the effective assistance of counsel at his state trial and that no constitutional violation has occurred warranting habeas relief at this time. We therefore find that Judge Bell correctly dismissed Nelson's habeas corpus petition as meritless.
 
 
 13
 So far as the record before us reveals, the newly discovered evidence has never been presented to or considered by the Ohio state courts. We decline, in a habeas proceeding, to consider such evidence, which ought first to be considered by Ohio's own courts since Nelson still has state procedures available for review of the newly discovered evidence under Ohio Rev.Code Ann. Sec. 2953.23(A) (Baldwin 1989). Section 2953.23(A) provides for consideration of a second or successive postconviction petition based upon the same facts at the sound discretion of the trial court. See State ex rel. Workman v. McGrath, 40 Ohio St.3d 91 (1988). This procedure may allow a complete hearing and scrutiny of Nelson's newly discovered evidence and development of an adequate record for future review if such review becomes necessary.
 
 
 14
 Accordingly, the judgment of the district court denying this petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation